IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANA ALEGRIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-212 |
| | § | |
| THE STATE OF TEXAS and | § | |
| LARRY WILLIAMS, in his official | § | |
| capacity, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This case arises out of the alleged sexual assault of Plaintiff Dana Alegria ("Plaintiff") by her Community Supervision Officer, Larry Williams ("Williams"). The live Complaint in this case is Plaintiff's First Amended Complaint which alleges constitutional and Title IX violations against the State of Texas and Williams in his official capacity only.[1] Now before the Court is Defendant Larry Williams's Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted. Williams moves for all claims against him in his official capacity to be dismissed. For the reasons outlined below, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.[2]

---

[1] Plaintiff's Response to Defendant's Motion to Dismiss indicates that she is seeking relief from Williams in his individual capacity as well. However, Plaintiffs First Amended Complaint specifically abandoned those claims and is limited to official capacity claims. These claims cannot be reasserted in a Response, and though they are mentioned in Plaintiff's Third Amended Complaint, that Complaint is not the live Complaint in this case. Therefore, the Court will proceed only on those claims currently and properly before it. Those claims include claims against the State of Texas and official capacity claims against Williams.

[2] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

## I. Background

Williams was a Community Supervision Officer assigned to Plaintiff. In late 2005, Williams began to make unwanted and inappropriate sexual advances towards Plaintiff. These advances included following Plaintiff into the elevator where he pulled up her shirt and touched her inappropriately. Williams also asked Plaintiff to perform oral sex on him in the stairwell after one of her visits. It is these incidents which provide the basis for Plaintiff's allegations.

## II. Analysis

### A. § 1983 Claims for Money Damages

Plaintiff alleges that her bodily integrity was compromised in violation of her Fourteenth Amendment rights. Plaintiff is alleging these claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). While Section 1983 does provide private plaintiffs with a cause of action against certain defendants for civil rights violations, it cannot be asserted against a state entity. *See Aguilar v. Tex. Dep't of Crim. Justice-Institutional Division*, 160 F.3d 1052, 1054 (5th Cir. 1998). The Eleventh Amendment to the United States Constitution explicitly bars federal suits against states. U.S. CONST. amend. XI. Section 1983 does not waive this immunity. *See Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991). Since the State of Texas has not consented to suit under Section 1983, Plaintiff's Section 1983 claims for damages must be dismissed. There is simply no jurisdiction in this Court for a damages claim against the State of Texas for alleged violations of Section 1983.

This reasoning is equally applicable to Defendant Williams since he is sued in his official capacity. "It is well settled that 'official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *U.S. v. Matagorda County*, 181 F. Supp. 2d 673, 683 (S.D. Tex. 2002) (Kent, J.) (citing *Monnell v. Dep't of Soc. Servs.*, 436 U.S.

658, 691 n.55, 98 S. Ct. 2018, 2036 n.55, 56 L. Ed. 2d 611 (1978); *Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000); *Welch v. Laney*, 57 F.3d 1004, 1007 (11th Cir. 1995)). Thus, the Court affords Plaintiff's § 1983 claims against Williams in his official capacity the same treatment that it would afford a § 1983 claim against the State itself. *See id.* Accordingly, Plaintiff's claim for money damages against Williams are likewise barred.[3]

**B. Injunctive Relief**

Plaintiff claims that although she cannot recover damages for past constitutional violations, she can seek and properly obtain prospective injunctive and declaratory relief from the State.[4] In *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), the Supreme Court recognized that "a federal court has jurisdiction over a suit against a state officer to enjoin official actions that violate federal law, even if the State itself is immune from suit under the Eleventh Amendment." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288, 117 S. Ct. 2028, 2043, 138 L. Ed. 2d 438 (1997) (O'Connor, J., concurring). Though Plaintiff does not rely on the *Young* doctrine by name, she clearly is calling on its authority by arguing that her suit for injunctive relief may proceed.

Defendants have not yet responded to this argument as it relates to the specific facts of this case. Additionally, there is now before the Court a Motion to Amend Plaintiff's Complaint, which is awaiting a response from Defendants. The Court finds that it cannot fully consider the merits of this argument until the correct Parties are before the Court and all have had a chance to brief the

---

[3]Though the Court has analyzed Plaintiff's § 1983 claims fully, it notes for the record that Plaintiff's Response to Defendant's Motion concedes the conclusions that the Court reaches in this section.

[4]It is somewhat unclear exactly what injunctive relief Plaintiff is seeking. Plaintiff generally describes her desire for a "policy to protect females" in her Complaint. The Court hopes that the relief sought by Plaintiff and the legal authority allowing such relief will be more fully hashed out in future dispositive motions and responses thereto.

applicability of the *Young* doctrine to this case.  The Court has already set deadlines for dispositive motions in this case, and it is the Court's intention to allow the Parties to take full advantage of the intervening time to get this case into a posture that may result in a more streamlined and efficient resolution.  As the Court has already ordered, all dispositive motions must be filed by December 8, 2006, and responses thereto are due by December 20, 2006.  After the submission of those motions, the Court will more fully consider the merits of the remaining portions of this case.

## IV.  Conclusion

For the reasons stated above, Plaintiff's claims for money damages against the State of Texas and Defendant Williams in his official capacity are **DISMISSED WITH PREJUDICE**.  All other claims remain and will be considered in due course.

**IT IS SO ORDERED**.

**DONE** this 7th day of September, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge